# EXHIBIT 1

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Michelle Foster
20L0759
St Clair County
11/25/2020 12:02 PM
1036064



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE



`*03408999*`

CASE NUMBER: 20L0759
**DIE DATE: 10/30/2020**   RECEIVED DATE: 10/22/2020

MULT. SER.: 2   DOC. TYPE: LAW
FILED DATE: 10/1/2020   DIST: 606 DC

---

**DEFENDANT:**   JIMMY JOHN FRANCHISE LLC
311 S WACKER DR
CHICAGO, IL 60606
STE 3000

**PLAINTIFF:**   ERWIN, HEATHER
**ATTORNEY:**   DAVID C NELSON
420 N HIGH ST
BELLEVILLE, IL 62220
618-277-4000

ATTACHED FEE AMT:
SERVICE INFORMATION: RA BRIAN A SMITH

---

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

____   **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

____   **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON

____   **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

X   **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____ COMPANY ____ BUSINESS ____ PARTNERSHIP ____

____   **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

____   **(6) S.O.S./D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

____   **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

____   **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

---

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

____ (01) NO CONTACT   ____ (05) WRONG ADDRESS   ____ (09) DECEASED
____ (02) MOVED   ____ (06) NO SUCH ADDRESS   ____ (10) NO REGISTERED AGENT
____ (03) EMPTY LOT   ____ (07) EMPLOYER REFUSAL   ____ (11) OUT OF COOK COUNTY
____ (04) NOT LISTED   ____ (08) CANCELLED BY PLAINTIFF ATTY   ____ (12) OTHER REASON (EXPLAIN)
EXPLANATION:

---

WRIT SERVED ON: A LANDIS
SEX: Female   RACE: White   AGE: 33
THIS 28 DAY OF October 2020
TIME: 12:06:00 PM

THOMAS J. DART,
SHERIFF, BY: /S/ JONES, CHRISTINE , Star # 10311 , DEPUTY

| ATTEMPTED SERVICES | | |
|---|---|---|
| DATE | TIME (AM/PM) | STAR# |
| | : | |
| | : | |
| | : | |
| | : | |

AMO912R

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Michelle Foster
20L0759
St. Clair County
11/5/2020 11:57 AM
11035380



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE

**\* 0 3 4 0 9 0 0 0 \***

CASE NUMBER: 20L0759                                    MULT. SER.: 2                  DOC. TYPE: LAW
**DIE DATE: 10/30/2020**      RECEIVED DATE: 10/22/2020      FILED DATE: 10/1/2020      DIST: 606 DC

| DEFENDANT: | JIMMY JOHN LLC | PLAINTIFF: | ERWIN, HEATHER |
| | 311 S WACKER DR | ATTORNEY: | DAVID C NELSON |
| | CHICAGO, IL 60606 | | 420 N HIGH ST |
| | STE 3000 | | BELLEVILLE, IL 62220 |

ATTACHED FEE AMT:
SERVICE INFORMATION:  RA BRIAN A SMITH

618-277-4000

### I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

____  **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

____  **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON

____  **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

X  **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____ COMPANY ____ BUSINESS ____ PARTNERSHIP ____

____  **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

____  **(6) S.O.S./D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE.  ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

____  **(7) CERTIFIED MAIL**

   **\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

____  **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20___ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE  WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

### THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:

| | | | | | |
|---|---|---|---|---|---|
| ____ | (01) NO CONTACT | ____ | (05) WRONG ADDRESS | ____ | (09) DECEASED |
| ____ | (02) MOVED | ____ | (06) NO SUCH ADDRESS | ____ | (10) NO REGISTERED AGENT |
| ____ | (03) EMPTY LOT | ____ | (07) EMPLOYER REFUSAL | ____ | (11) OUT OF COOK COUNTY |
| ____ | (04) NOT LISTED | ____ | (08) CANCELLED BY PLAINTIFF ATTY | ____ | (12) OTHER REASON (EXPLAIN) |

EXPLANATION:

WRIT SERVED ON:  A LANDIS
SEX: Female          RACE: White          AGE: 33
THIS 28 DAY OF  October  2020
TIME:  12:06:00 PM

THOMAS J. DART,
SHERIFF, BY:  /S/ JONES, CHRISTINE , Star # 10311 , DEPUTY

| ATTEMPTED SERVICES | | |
|---|---|---|
| DATE | TIME (AM/PM) | STAR# |
| | : | |
| | : | |
| | : | |
| | : | |

AMO912R

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Michelle Foster
20L0759
St. Clair County
11/25/2020 11:57 AM
11035380



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE

**\* 0 3 4 0 9 0 0 0 \***

| | | |
|---|---|---|
| CASE NUMBER: 20L0759 | MULT. SER.: 2 | DOC. TYPE: LAW |
| **DIE DATE: 10/30/2020**   RECEIVED DATE: 10/22/2020 | FILED DATE: 10/1/2020 | DIST: 606 DC |

**DEFENDANT:**   JIMMY JOHN LLC
　　　　　　　311 S WACKER DR
　　　　　　　CHICAGO, IL 60606
　　　　　　　STE 3000
ATTACHED FEE AMT:
SERVICE INFORMATION:  RA BRIAN A SMITH

**PLAINTIFF:**   ERWIN, HEATHER
**ATTORNEY:**   DAVID C NELSON
　　　　　　　420 N HIGH ST
　　　　　　　BELLEVILLE, IL 62220
　　　　　　　618-277-4000

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

____   **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

____   **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON

____   **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

X   **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION _____ COMPANY _____ BUSINESS _____ PARTNERSHIP _____

____   **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

____   **(6) S.O.S./D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

____   **(7) CERTIFIED MAIL**

　　　　**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

____   **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ____ (01) NO CONTACT | ____ (05) WRONG ADDRESS | ____ (09) DECEASED |
| ____ (02) MOVED | ____ (06) NO SUCH ADDRESS | ____ (10) NO REGISTERED AGENT |
| ____ (03) EMPTY LOT | ____ (07) EMPLOYER REFUSAL | ____ (11) OUT OF COOK COUNTY |
| ____ (04) NOT LISTED | ____ (08) CANCELLED BY PLAINTIFF ATTY | ____ (12) OTHER REASON (EXPLAIN) |

EXPLANATION:

WRIT SERVED ON:  A LANDIS
SEX: Female　　　　　RACE: White　　　　　AGE: 33
THIS 28 DAY OF  October  2020
TIME: 12:06:00 PM

THOMAS J. DART,
SHERIFF, BY:  /S/ JONES, CHRISTINE , Star # 10311 , DEPUTY

| ATTEMPTED SERVICES | | |
|---|---|---|
| DATE | TIME (AM/PM) | STAR# |
| | : | |
| | : | |
| | : | |
| | : | |

AMO912R

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| ERWIN VS JIMMY JOHNS LLC | 20-L-0759 |
|---|---|

TO:   A FILE COPY

**FILED**
**ST. CLAIR COUNTY**

NOV 0 2 2020

22    CIRCUIT CLERK

Date : 12/7/2020         Time : 9:00 AM         Room : 405

The above-styled case is assigned to:  HON WILLIAM D STIEHL JR.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1.    Service upon all of the parties;
2.    Whether the case will be jury or no-jury;
3.    The nature, issues, and complexity of the case;
4.    Simplification of the issues;
5.    Amendments and challenges to the pleadings;
6.    Admissions of fact and documents;
7.    Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8.    Third parties;
9.    Scheduling of settlement conferences;
10.   Necessity of subsequent case management conferences;
11.   Trial settings.

Office of Chief Judge

L63

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| ERWIN VS JIMMY JOHNS LLC | 20-L-0759 |
| --- | --- |



TO:    JIMMY JOHN S LLC

**FILED**
ST. CLAIR COUNTY
NOV 0 2 2020
*Nobleth a. Cleg*
CIRCUIT CLERK
22

Date : 12/7/2020          Time : 9:00 AM          Room : 405

The above-styled case is assigned to:  HON WILLIAM D STIEHL JR.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1.    Service upon all of the parties;
2.    Whether the case will be jury or no-jury;
3.    The nature, issues, and complexity of the case;
4.    Simplification of the issues;
5.    Amendments and challenges to the pleadings;
6.    Admissions of fact and documents;
7.    Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8.    Third parties;
9.    Scheduling of settlement conferences;
10.   Necessity of subsequent case management conferences;
11.   Trial settings.

Office of Chief Judge

L63

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| ERWIN VS JIMMY JOHNS LLC | |
|---|---|
| | 20-L-0759 |



TO:  JIMMY JOHN S FRANCHISE LLC

FILED
ST. CLAIR COUNTY
NOV 0 2 2020
22    *Halalah a. Clay*
CIRCUIT CLERK

Date : 12/7/2020          Time : 9:00 AM          Room : 405

The above-styled case is assigned to:  HON WILLIAM D STIEHL JR.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63

**Kahalah A. Clay**

| | |
|---|---|
| **From:** | Grochocinski, Mary <MGrochocinski@iardc.org> |
| **Sent:** | Wednesday, October 28, 2020 4:47 PM |
| **To:** | Andrew Gleeson; Kahalah A. Clay |
| **Subject:** | 10/28 St. Clair County Rule 707 Submissions |

To Whom It May Concern:

We have been served with a Statement pursuant to Supreme Court Rule 707 in the following cases:

| Name: | ARDC #: | Case#: | Contact Information: | Address: |
|---|---|---|---|---|
| Reza John Azimi-Tabrizi Firm, LLC | 6335221 | 20-L-0759 | (816) 716-1120 | Azimi Law |
| | | 1144335 | jazimi@kansascitylawyer.co | 136 E. Walnut, |
| Ste. 300 | | | | Independence, |
| MO 64050 | | | | |
| Brenda G. Hamilton Bingham, P.C. | 6335225 | 19-L-0457 | (816) 421-4460 | Seigfreid |
| | | | bhamilton@sb-kc.com | 2323 Grand |
| Boulevard, Suite 1000 | | | | Kansas City, MO |
| 64108 | | | | |
| Julie E. Parisi, Jr. Bingham, P.C. | 6335226 | 19-L-0457 | (816) 421-4460 | Seigfreid |
| | | | jparisi@sb-kc.com | 2323 Grand |
| Boulevard, Suite 1000 | | | | Kansas City, MO |
| 64108 | | | | |

We have assigned the out-of-state lawyers an ARDC ID number shown above. That number may be used in this case in the same way as the ARDC number of an Illinois lawyer. The limited scope of the permission will be reflected on the lawyer's public record on the Lawyer Search section of the ARDC website.

Under Rule 707, an eligible out-of-state attorney may enter an appearance and provide legal services in the proceeding upon filing the Statement. No motion or approval of a court is required.

We will conduct a review of the Statements and report to you any eligibility issues that we discover. If we do not find any issues, we will not provide any further report to you. Rule 707 does not require that a court take any independent action to review the eligibility of the out-of-state attorney, but the rule provides that a court may terminate the Rule 707 permission upon report of the ARDC or on its own motion.

If you have any questions, please contact me be reply email or at 312-565-2600.

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0759
St. Clair County
10/22/2020 3:01 PM
10876076

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | |
|---|---|
| HEATHER ERWIN and ASHLEY PRICE, ) individually and on behalf of all other ) similarly-situated current Illinois citizens, ) )     Plaintiffs, ) ) v. ) ) JIMMY JOHN'S LLC and ) JIMMY JOHN'S FRANCHISE LLC, ) )     Defendants. ) | No. 20-L-0759 |

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the following document was emailed on the 22nd day of October, 2020:

    1.    **VERIFIED STATEMENT OF OUT-OF-STATE ATTORNEY PURSUANT TO SUPREME COURT RULE 707.**

ARDC
rule707@iardc.org

Matthew H. Armstrong
Armstrong Law Firm LLC
matt@mattarmstronglaw.com

Heather Erwin
heather_rwn@yahoo.com

Ashley Price
asher1991@hotmail.com

and was mailed with postage paid to the following:

Registered Agent Brian A. Smith
Jimmy John's LLC
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606

Page 1 of 2
Case No.: 20-L-0759

Registered Agent Brian A. Smith
Jimmy John's Franchise, LLC
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606

_/s/ Amy C. Lynch_

NELSON & NELSON,
ATTORNEYS AT LAW, P.C.
420 North High Street
Post Office Box Y
Belleville, IL 62222
618-277-4000 telephone
618-277-1136 facsimile

Page 2 of 2
Case No.: 20-L-0759

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0759
St. Clair County
10/22/2020 3:01 PM
10876076

## CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

HEATHER ERWIN and ASHLEY PRICE, )
individually and on behalf of all other )
similarly-situated current Illinois citizens, )
                            )
      Plaintiffs,                )
                            )
v.                           )    No. 20-L-0759
                            )
JIMMY JOHN'S LLC and )
JIMMY JOHN'S FRANCHISE LLC, )
                            )
      Defendants.          )

## VERIFIED STATEMENT OF OUT-OF-STATE ATTORNEY
## PURSUANT TO SUPREME COURT RULE 707

I, R. John Azimi, submit this Verified Statement pursuant to Illinois Supreme Court Rule 707.

1. My full name is Reza John Azimi-Tabrizi, and my date of birth is 11/09/1966. The address of offices from which I practice law and related email address and telephone numbers are as follows:

> R. John Azimi
> AZIMI LAW FIRM, LLC
> 136 E. Walnut, Ste. 300
> Independence MO 64050
> Tel:   816-716-1120
> Email: jazimi@kansascitylawyer.co

2. I represent plaintiffs Heather Erwin, Ashley Price, and the putative class of similarly-situated current Illinois residents in the case and court listed in the case caption above.

3. (a) I have not filed any other appearance pursuant to this rule during this calendar year.

   (b) I have not received a registration number from the ARDC.

4.  (a) I list each jurisdiction of admission, including any state, territory, or commonwealth of the United States, the District of Columbia, or in a foreign country, and my full admission name and license number:

> Reza John Azimi-Tabrizi,  Missouri Bar Number 48578
>
> Reza John Azimi-Tabrizi,  Kansas Bar Number 21484.

(b) I attach a letter or certificate of good standing for each of the jurisdictions listed in paragraph 4(a) above.

5.  I have no office or other presence in Illinois for the practice of law.

6.  I submit to the disciplinary authority of the Supreme Court of Illinois.

7.  I have undertaken to become familiar and to comply with the rules of the Supreme Court of Illinois, including the Illinois Rules of Professional Conduct and the Supreme Court Rules on Admission and Discipline of Attorneys, and other Illinois law and practices that pertain to this proceeding.

8.  The full name, business address and ARDC number of the Illinois attorneys with whom I have associated in the matter are:

> David C. Nelson (ARDC 6225722)
> NELSON & NELSON, ATTORNEYS AT LAW, P.C.
> 420 North High Street
> Belleville IL 62220
> Tel:    618-277-4000
> Email: dnelson@nelsonlawpc.com
>
> Matthew H. Armstrong (ARDC 6226591)
> ARMSTRONG LAW FIRM LLC
> 8816 Manchester Rd., No. 109
> St. Louis MO 63144
> Tel:    314-258-0212
> Email: matt@mattarmstronglaw.com

9.  I certify that I have served this Statement upon:

- the Administrator of the Attorney Registration and Disciplinary Commission,

- attorneys David C. Nelson, Matthew H. Armstrong,

- plaintiffs Heather Erwin, Ashley Price,

- defendants Jimmy John's LLC and Jimmy John's Franchise LLC,

and that these parties are all entitled to service under this rule.

## Verification

I verify the accuracy and completeness of each of the above statements.

Dated: October 22, 2020

By: _____

R. John Azimi
Missouri State Bar No. 48578
AZIMI LAW FIRM, LLC
136 E. Walnut, Ste. 300
Independence, MO 64050
Tel:    816-716-1120
Email: jazimi@kansascitylawyer.co
Attorney for Plaintiffs and the Putative Class

*The Supreme Court of Missouri*



*Certificate of Admission as an
Attorney at Law*

I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the

records of this office show that on 4/16/2003,

### *Reza John Azimi-Tabrizi*

was duly admitted and licensed to practice as an Attorney and Counselor at Law in the Supreme

Court of Missouri and all courts of record in this state, and is, on the date indicated below, a

member in good standing of this Bar.

IN TESTIMONY WHEREOF, I hereunto set my
hand and affix the seal of the Supreme Court of Missouri at
my office in Jefferson City, Missouri, this 6th day of
October, 2020.

Clerk of the Supreme Court of Missouri

# The Supreme Court of Kansas



## Certificate of Good Standing

I, **Douglas T. Shima**, Clerk of the Supreme Court of the State of Kansas, do hereby certify that the Supreme Court of Kansas is the highest court of law, and the court of last resort within the State of Kansas, and has exclusive jurisdiction over and control of the admission of applicants to the bar of this state.

I do further certify that on November 12, 2004,

### Reza John Azimi-Tabrizi

was duly admitted to practice as an attorney and counselor of the Supreme Court and all other courts of the State of Kansas and is, on the date indicated below, a member in good standing of the Kansas Bar.

Witness my hand and the seal of the Supreme Court, hereto affixed at my office in Topeka, Kansas, this 2nd day of October, 2020.

**Active Status**

_Douglas T. Shima_

_Clerk of the Supreme Court of Kansas_

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C    000569164                    DATE: 10-05-2020                TIME: 13:58:42
RECEIVED OF: NELSON DAVID C                                               MEMO:
PART. ID: 1809                                                              010643551-0
BY CLERK: BJ
CHECKS:

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $314.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 20-L-0759 | 2518 | PMT:SCHEDULE 1 | | $314.00 |
| ERWIN VS JIMMY JOHNS LLC | | | | |
| PARTY: NELSON DAVID C | | | | |

TOTAL RECEIPT...                    $314.00

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
20L0759
St. Clair County
10/1/2020 3:17 PM
10643551

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | |
|---|---|
| HEATHER ERWIN and ASHLEY PRICE, individually and on behalf of all other similarly-situated current Illinois citizens,<br><br>    Plaintiffs,<br><br>v.<br><br>JIMMY JOHN'S LLC and JIMMY JOHN'S FRANCHISE, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 20-L 0759<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF DAMAGES

This affidavit is made pursuant to Supreme Court Rule 222(b).  Under the penalties of

perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies

that the money damages sought by Plaintiffs herein do exceed $50,000.00.

Dated:  October 1, 2020

Heather Erwin and Ashley Price, individually, and on behalf of a class of similarly situated current Illinois citizens, Plaintiffs

By:

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62222
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Page 1 of 2
Case No:  20-L-

R. John Azimi (Motion *Pro Hac Vice* to be filed)
Missouri State Bar No. 48578
AZIMI LAW FIRM, LLC
136 E. Walnut, Ste. 300
Independence MO 64050
Tel:    816-716-1120
Email: jazimi@kansascitylawyer.com

Attorneys for Plaintiffs and the Putative Class

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
20L0759
St. Clair County
10/1/2020 3:17 PM
10643551

## CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | |
|---|---|
| HEATHER ERWIN and ASHLEY PRICE, individually and on behalf of all other similarly-situated current Illinois citizens, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |
| JIMMY JOHN'S LLC and JIMMY JOHN'S FRANCHISE, LLC, | ) ) ) ) |
| Defendants. | ) ) |

No.  20-L-**0759**

### ENTRY OF APPEARANCE

NOW COMES DAVID C. NELSON and the law firm of NELSON & NELSON,

ATTORNEYS AT LAW, P.C., and hereby enter their appearance as attorneys of record for the

Plaintiffs, Heather Erwin and Ashley Price, in the above entitled proceedings.

Dated: October 1, 2020         Heather Erwin and Ashley Price, individually, and on behalf of a class of similarly situated current Illinois citizens, Plaintiffs

By: _____
David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62222
Tel:     618-277-4000
Email: dnelson@nelsonlawpc.com

Attorneys for Plaintiffs and the Putative Class

Page 1 of 1
Case No:  20-L-

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
20L0759
St. Clair County
10/1/2020 3:17 PM
10643551

**CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT**
**COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | |
|---|---|
| HEATHER ERWIN and ASHLEY PRICE, individually and on behalf of all other similarly-situated current Illinois citizens, <br><br> Plaintiffs, <br><br> v. <br><br> JIMMY JOHN'S LLC and JIMMY JOHN'S FRANCHISE, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No.  20-L-**0759** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ENTRY OF APPEARANCE

NOW COMES MATTHEW H. ARMSTRONG and the law firm of ARMSTRONG

LAW FIRM LLC, and hereby enter their appearance as attorneys of record for the Plaintiffs,

Heather Erwin and Ashley Price, in the above entitled proceedings.

Dated:  October 1, 2020         Respectfully Submitted,

By:    _____
Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiffs and the Putative Class

Page 1 of 1
Case No:  20-L-

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
) S.S.
County of St. Clair )

Case Number  20L0759

Amount Claimed  Over $50,000.00

| HEATHER ERWIN and ASHLEY PRICE, individually and on behalf of all other similarly-situated current Illinois citizens, | VS | JIMMY JOHN'S LLC and JIMMY JOHN'S FRANCHISE, LLC, |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

Classification Prefix ____L____  Code __02__  Nature of Action ____Tort____  Code __2__

Pltf. Atty. __David C. Nelson__  Code 6225722

Address 420 N. High, P.O. Box Y

City Belleville, IL 62222  Phone 618-277-4000

Add. Pltf. Atty. _____  Code _____

### TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME  JIMMY JOHN'S FRANCHISE, LLC, Registered Agent Brian A. Smith

ADDRESS  311 S. Wacker Dr., Ste. 3000

CITY & STATE  Chicago, IL 60606

### SUMMONS COPY

To the above named defendant(s)......:

☐ A.  You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20____

to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B.  You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20____

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant or other person)

KAHALAH A. CLAY, Circuit Clerk
10/1/2020
Morgan Ragsdale



I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                    Date of service

_____           _____

_____           _____

_____           _____

_____           _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

---

**SHERIFF'S FEES**

Service and return _____$

Miles _____ . . . . . . . . .$_____

Total . . . . . . . . . . . . . . . . . . . . .$_____

_____

Sheriff of _____ County

---

_____, Sheriff of _____County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
                  ) S.S.
County of St. Clair )

Case Number __20L0759__

Amount Claimed __Over $50,000.00__

| HEATHER ERWIN and ASHLEY PRICE, individually and on behalf of all other similarly-situated current Illinois citizens, | VS | JIMMY JOHN'S LLC and JIMMY JOHN'S FRANCHISE, LLC, |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

Classification Prefix _____L_____ Code __02__ Nature of Action _____Tort_____ Code __2__

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. __David C. Nelson__ Code __6225722__
Address __420 N. High, P.O. Box Y__
City __Belleville, IL 62222__ Phone __618-277-4000__
Add. Pltf. Atty. _____ Code _____

NAME __JIMMY JOHN'S LLC, Registered Agent Brian A. Smith__

ADDRESS __311 S. Wacker Dr., Ste. 3000__

### SUMMONS COPY

To the above named defendant(s). . . . . . :

CITY & STATE __Chicago, IL 60606__

☐ A. You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☐ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20____

_____
Clerk of Court

BY DEPUTY: _____

KAHALAH A. CLAY, Circuit Clerk

**10/1/2020**
**Morgan Ragsdale**

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                          Date of service

_____                    _____

_____                    _____

_____                    _____

_____                    _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

```
SHERIFF'S FEES

Service and return _____$

Miles _____ . . . . . . . . . .$_____

Total . . . . . . . . . . . . . . . . . . . . . .$_____


Sheriff of _____ County
```

_____, Sheriff of _____ County

_____, Deputy

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
20L0759
St. Clair County
10/1/2020 3:17 PM
10643551

CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS

HEATHER ERWIN and ASHLEY PRICE,  )
individually and on behalf of all other     )
similarly-situated current Illinois citizens,  )
                                       )
      Plaintiffs,                                 )
                                       )
v.                                              )    No.  20-L0759
                                       )
JIMMY JOHN'S LLC and                    )
JIMMY JOHN'S FRANCHISE, LLC,     )
                                       )
      Defendants.                            )

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

COME NOW Plaintiffs, Heather Erwin and Ashley Price, individually and on behalf of

all other similarly-situated current citizens of Illinois, by and through counsel, and move for

certification of a class defined as follows:

> All current citizens of Illinois who purchased Jimmy's All
> Natural Triple Chocolate Chunk Cookies and/or Jimmy's
> All Natural Raisin Oatmeal Cookies in the five years
> preceding the filing of the Complaint in this case (the
> "Class Period").

> Excluded from the Class are: (a) federal, state, and/or local
> governments, including, but not limited to, their
> departments, agencies, divisions, bureaus, boards, sections,
> groups, counsels, and/or subdivisions; (b) any entity in
> which Defendants have a controlling interest, to include,
> but not limited to, their legal representative, heirs, and
> successors; (c) all persons who are presently in bankruptcy
> proceedings or who obtained a bankruptcy discharge in the
> last three years; and (d) any judicial officer in the lawsuit
> and/or persons within the third degree of consanguinity to
> such judge.

Section 2–801 of the Illinois Code of Civil Procedure, which is patterned after Rule 23 of

the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a class

action. *Uesco Indus., Inc. v. Poolman of Wisconsin, Inc.,* 993 N.E.2d 97, 108 (Ill. App. Ct. 2013)

*citing* 735 ILCS 5/2–801 (West 2008). "Given the relationship between these two provisions,

federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class

certification in Illinois." *Id.* Under section 2–801, a class may be certified only if the following

four requirements are established: "(1) the class is so numerous that joinder of all members is

impracticable; (2) there are questions of fact or law common to the class, which common

questions predominate over any questions affecting only individual members; (3) the

representative parties will fairly and adequately protect the interests of the class; and (4) the class

action is an appropriate method for the fair and efficient adjudication of the controversy." *Id.*

"To determine whether the proposed class should be certified, the court accepts the

allegations of the complaint as true." *Clark v. TAP Pharmaceutical Products, Inc.,* 343

Ill.App.3d 538, 544–45, 278 Ill.Dec. 276, 798 N.E.2d 123 (2003). "The trial court has broad

discretion to determine whether a proposed class satisfies the requirements for class certification

and should err in favor of maintaining class [certifications]." *Id.*

### 1. *The Class Is So Numerous that Joinder of All Members is Impracticable.*

The class satisfies the numerosity requirement because there are at least hundreds of

people and likely thousands in the class. *See Cruz v. Unilock Chicago,* 383 Ill. App. 3d 752,

767–68, 892 N.E.2d 78, 94 (2008) (finding 80 or 90 class members supports a finding of

numerosity.). Where there are a number of potential claimants, and the individual amount

claimed by each is small, making redress on an individual level difficult, if not impossible,

Illinois courts have been particularly receptive to proceeding on a class action basis. *Phillips v.

Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *2 (Ill. Cir. Ct. Sept. 15, 2003).

## 2. There Are Questions of Fact and Law Common to the Class and Common Questions Predominate Over Any Questions Affecting Only Individual Members.

In order to satisfy the second requirement of section 2–801, namely that a common question of fact or law predominates over other questions affecting only individual class members, it must be shown that successful adjudication of the purported class representatives individual claims will establish a right of recovery in other class members. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 54–55, 880 N.E.2d 653, 657 (2007). As long as there are questions of fact or law common to the class and these predominate over questions affecting only individual members of such class, the statutory requisite is met. *Id. citing Slimack v. Country Life Insurance Co.,* 227 Ill.App.3d 287, 292, 169 Ill.Dec. 190, 591 N.E.2d 70 (1992). Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class. *Id.* Such an inquiry requires the court to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law. *Id.* Once the basic determination has been made that a predominating common question of fact or law exists, the fact that there may be individual questions will not defeat the predominating common question." *Id.* The requirement of individual proofs should not be a bar to a class action. *Id.*

Certification require[s] only that there be either a predominating common issue of law or fact, not both. *Martin v. Heinold Commodities, Inc.,* 117 Ill.2d 67, 81, 109 Ill.Dec. 772, 510 N.E.2d 840 (1994). "A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to the entire class." *Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *2 (Ill. Cir. Ct. Sept. 15, 2003). A common

question may be shown when class members are aggrieved by the same or similar conduct. *Id.*

The common and predominate issue in this case is that Defendants made the same false, misleading, and unfair representation to each and every class member when they sold their products as "All Natural*" when they are not. Indeed, the claims of every class member will rise or fall on the resolution of that question. See *Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 757 (7th Cir. 2014).

### 3. *The Class Representative Will Fairly and Adequately Protect the Interests of the Class.*

The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *Walczak v. Onyx Acceptance Corp.,* 365 Ill.App.3d 664, 678, 302 Ill.Dec. 920, 850 N.E.2d 357 (2006). The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined. The interests of the Plaintiffs are the same as the class members because each was harmed in the same way, and each has the same interest in recovering for Defendants' false, deceptive, and unfair labeling.

### 4. *A Class Action Is the Appropriate Method For the Fair and Efficient Adjudication of the Controversy.*

The fourth requirement for class certification is that the class action is an appropriate method for fairly and efficiently adjudicating the controversy. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 56, 880 N.E.2d 653, 658 (2007). In deciding whether the fourth requirement is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. *Id.* Where the first three requirements for class certification have been satisfied,

the fourth requirement may be considered fulfilled as well.

Because the first three requirements of class certification have been met here, so, too, has the appropriateness requirement. Moreover, this class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain, because no individual class member would have the resources to pursue his or her claims absent the class mechanism, considering the amount in controversy for each claimant. *See Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 757 (7th Cir. 2014); *see also Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *9 (Ill. Cir. Ct. Sept. 15, 2003) ("The evidence presented to the Court supports the conclusion that, not only is a class action an appropriate method for the fair adjudication of the disputes between Ford and the Classes, but also that it may be the only means by which these disputes may be efficiently resolved.").

Plaintiffs expressly reserve the right to amend this motion as this case progresses.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order (1) certifying the class as defined above; (2) appointing Plaintiffs Heather Erwin and Ashley Price as Class Representatives; (3) appointing David C. Nelson, Matthew H. Armstrong, and R. John Azimi as Co-Class Counsel, (4) for such further relief as the Court determines fair and just.

Dated: October 1, 2020

Heather Erwin and Ashley Price, individually, and on behalf of a class of similarly situated current Illinois citizens, Plaintiffs

By: _____

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62220
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Page 5 of 6
Case No.:  20-L-

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

R. John Azimi (Motion *Pro Hac Vice* to be filed)
Missouri State Bar No. 48578
AZIMI LAW FIRM, LLC
136 E. Walnut, Ste. 300
Independence, MO 64050
Tel:    816-716-1120
Email: jazimi@kansascitylawyer.co

Attorneys for Plaintiffs and the Putative Class

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
20L0759
St. Clair County
10/1/2020 3:17 PM
10643551

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | |
|---|---|
| HEATHER ERWIN and ASHLEY PRICE, individually and on behalf of all other similarly-situated current Illinois citizens, <br><br>     Plaintiffs, <br><br> v. <br><br> JIMMY JOHN'S LLC and JIMMY JOHN'S FRANCHISE, LLC, <br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No.  20-L**0759**<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiffs, Heather Erwin and Ashley Price, individually and on behalf of all other similarly-situated current citizens of Illinois, allege the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### CASE SUMMARY

1.    This case arises out of Jimmy John's LLC and Jimmy John's Franchise, LLC's (collectively, "Defendants") deceptive, unfair, and false practices regarding its Jimmy's All Natural Triple Chocolate Chunk Cookie and Jimmy's All Natural Raisin Oatmeal Cookie (the "Cookies").

2.    On the label of the Cookies, Defendants intentionally, deceptively, falsely, and unfairly represent that the Cookies are "All Natural*." Small print on the bottom of the label states "*Minimally processed, no artificial ingredients" which deceives consumers into believing that the Cookies do not contain highly processed, artificial, and/or non-natural ingredients.

3.    The Cookies, however, contain refined flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid, sugar, milk powder, soy lecithin, and baking soda, all of which are highly processed, artificial, and/or non-natural ingredients (the "Manufactured Ingredients").

4.    Plaintiffs and reasonable consumers reasonably believe, define, and assume that Cookies labeled "All Natural," "minimally processed," and "no artificial ingredients" do not contain highly processed, artificial, and/or non-natural ingredients.

5.    Because the Cookies contain the Manufactured Ingredients, the representations that the Cookies are "All Natural," are "minimally processed," and contain "no artificial ingredients" are unfair, false, deceptive, and misleading.

6.    By claiming that the Cookies are "All Natural," "minimally processed," and contain "no artificial ingredients," Defendants deceive consumers into believing that the Cookies do not contain highly processed, artificial, and/or non-natural ingredients, when they in fact contain the Manufactured Ingredients.

7.    Plaintiffs bring this case against Defendants jointly and severally to recover damages for Defendants' false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and Illinois common law.

## PARTIES

8.    Plaintiff Heather Erwin is an Illinois citizen residing in St. Clair County, Illinois. On many occasions during the Class Period (as defined below), Plaintiff purchased the Defendants' Cookies as part of her regular lunch at Jimmy John's in Belleville, Illinois, for personal purposes after reviewing the "All Natural*" and "*Minimally processed, no artificial

ingredients" representations on the Cookies' labels, which deceived her. Plaintiff purchased the Cookies because of the representations mentioned above. If Plaintiff had known the Cookies in fact contained highly processed, artificial, and/or non-natural ingredients, she would not have purchased them or would have paid less for them. The purchase price of the Cookies was $1.75 per cookie.

9.    Plaintiff Ashley Price is an Illinois citizen residing in St. Clair County, Illinois. On at least three occasions during the Class Period (as defined below), Plaintiff purchased the Defendants' Cookies at Jimmy John's in Belleville and Collinsville, Illinois, for personal purposes after reviewing the "All Natural*" and "*Minimally processed, no artificial ingredients" representations on the Cookies' labels, which deceived her. If Plaintiff had known the Cookies in fact contained highly processed, artificial, and/or non-natural ingredients, she would not have purchased them or would have paid less for them. The purchase price of the Cookies was $1.75 per cookie.

10.    Defendant Jimmy John's LLC is a Delaware limited liability company with its headquarters and principal place of business in Champaign, Illinois.

11.    Defendant Jimmy John's Franchise, LLC is a Delaware limited liability company with its headquarters and principal place of business in Champaign, Illinois.

### JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

13.    This Court has personal jurisdiction over Defendants because Defendants are Illinois residents.    In addition, as explained below, Defendants have jointly and severally

committed affirmative tortious acts within the State of Illinois that give rise to civil liability, including distributing the fraudulent Cookies for sale throughout the State of Illinois.

14.     Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transactions out of which the causes of action arose occurred in this county.

## FACTUAL ALLEGATIONS

15.     Defendants produce, market, and sell foodstuffs—including the Cookies—throughout the State of Illinois.

16.     As part of its packaging, labeling, and sales, Defendants affixed labels to the Cookies that claim the Cookies are "All Natural[,]" "minimally processed," and contain "no artificial ingredients."

17.     By affixing such labels to the packaging of the Cookies, Defendant can entice consumers like Plaintiffs to pay a premium for supposedly "All Natural" Cookies.

18.     The labels of the Cookies are deceptive, unfair, false, and misleading in that Defendants prominently represent that the Cookies are "All Natural," when they are not, are "minimally processed," when they are not, and contain "no artificial ingredients," when they do.

19.     The Cookies are not free of highly processed, artificial, and/or non-natural ingredients because they contain the Manufactured Ingredients, specifically:

  a.  **Wheat flour.** Enriched wheat flour is a highly processed material made by processing grain to a superfine level and removing the outer portion of the seed. This removes nutrients, some of which are then artificially reintroduced (see niacin, reduced iron, thiamine mononitrate, riboflavin, and folic acid below).[1]

---

[1] *See, e.g.,* 21 C.F.R. § 137.165 (regulating enriched flour).

b. **Niacin.**  Niacin is a white, crystalline acid that as a food additive is artificially derived through chemical processes at large industrial facilities.[2] It is added to enriched flour due to the number of nutrients stripped from wheat during the industrial milling process.

c. **Reduced iron.**  Reduced iron is a metallic powder artificially derived through chemical processes, which "reduce" oxidized iron by a reaction with chemical compounds. Then, like niacin, it is added to enriched flour due to nutrient stripping during the intensive milling process.

d. **Thiamine mononitrate.**  Thiamine mononitrate is artificially "prepared from thiamine hydrochloride by dissolving the hydrochloride salt in alkaline solution followed by precipitation of the nitrate half-salt with a stoichiometric amount of nitric acid." 21 CFR § 184.1878. The results of this artificial chemical process are then introduced into refined flour as an additive.

e. **Riboflavin.**  Riboflavin is a vitamin artificially produced at industrial levels by fermenting the fungus *Ashbya gossypii* in a chemical compound comprised of, e.g., glucose and corn steep liquor.[3]

f. **Folic acid.**  Folic acid is a man-made, artificial version of folate, a vitamin occurring in green vegetables and citrus.[4] It is synthetic, derived at the industrial scale through chemical processes for use as a food additive.

---

[2] *E.g.,* Lonza, Niacin and Niacinamide: A Commitment to Quality (2015), http://www.ethorn.com/ssw/files/Lonza.pdf.
[3] *E.g.,* Fred W. Tanner and Virgil F. Pfeifer, *Production of Riboflavin by Fermentation*, USDA, https://naldc.nal.usda.gov/download/IND43894159/PDF.
[4] *E.g.,* https://medlineplus.gov/ency/article/002408.htm; https://www.healthline.com/nutrition/folic-acid-vs-folate#section3.

g. **Sugar.** Sugar is a highly processed food. Sugar is refined through a multi-step process, first by removing liquor from sugar crystals, mixing raw sugar with syrup, processing the result through a centrifuge, and then decolorizing. One popular decolorizing technique pumps sugary liquid through granular activated carbon, another uses ion exchange resin (a polymer). After decolorization, water is boiled off to allow sugar crystals to grow. This is a highly refined, multi-step process far removed from the food's natural state.

h. **Brown sugar.** Brown sugar is typically highly processed sugar mixed with molasses, itself a highly processed substance left from the sugar refining process.

i. **Milk powder and dry milk.** Milk powder and dry milk are highly processed ingredients. They are made by taking pasteurized milk, evaporating it, and then spraying the concentrate into heat which solidifies the milk particles. (Milk powder contains more protein than dry milk, but the processing steps are similar.) These highly refined foods undergo extensive processing.

j. **Soy lecithin.** Soy lecithin is a highly refined food additive. It is made by … "degumming crude soy oil, [by adding] steam … in a batch or continuous process. The emulsion is then agitated … as the phosphatides hydrate and agglomerate, forming a heavy oil-insoluble sludge, which is separated from the oil by use of a centrifuge. The sludge coming from the degumming centrifuge … may then be bleached once or twice, typically with hydrogen peroxide, to reduce its color from

brown or beige to light yellow. Fluidizing additives such as soy oil, fatty acids, or calcium chloride can then be added …. Finally the product is film or batch dried."[5]

k. **Baking soda.** Baking soda is typically artificially made by dissolving soda ash in water, which is then treated with carbon dioxide. Baking soda, or sodium bicarbonate, then precipitates from the solution.

20.    In sum, the Cookies contain a long list of ingredients reasonable consumers would consider non-natural, artificial, and/or highly processed, in contradiction of the claims on the front of the labels.[6]

21.    Defendants then intentionally and willfully placed the Cookies with the misleading labels into the stream of commerce with the intent to induce consumers to purchase the cookies because of Defendants' false representations. Just as Defendants intended, Defendants' false and deceptive representations caused Plaintiffs and Class Members to purchase the Cookies.

22.    Defendants' actions directly and proximately caused damages including economic harm to the Plaintiffs and Class Members in the following way: Defendants used the misleading labels that they knew to be false and deceptive in order to increase their profits by promising reasonable consumers healthy, minimally processed ingredients while delivering cheaper, less healthy, highly processed ingredients. Reasonable consumers, including Plaintiffs and Class Members, expecting the promised natural, minimally processed ingredients, thereby lost the benefit of the bargain because they did not receive what they were promised on the label i.e. what

---

[5] http://www.soyinfocenter.com/HSS/lecithin1.php.
[6] Jimmy John's own website also makes this distinction. *See* https://www.jimmyjohns.com/about-us/our-food/ (visited Jan. 4, 2020) (identifying meat, but not cookies, as "natural" and "minimally processed", while noting the caramel coloring on the meat as *not* minimally processed). Like many of the ingredients in the cookies, caramel coloring is typically made by highly refining carbohydrates. *See, e.g.*, https://labdoor.com/article/caramel-color-an-overview (visited Jan. 4, 2020).

they paid for. More, Plaintiffs and Class Members paid a price premium for the Cookies that they would not and should not have paid absent Defendants' misrepresentations.

23.     Plaintiffs and reasonable consumers reasonably believe and assume that Cookies labeled "All Natural," "minimally processed," and "no artificial ingredients" do not contain any highly processed, artificial, and/or non-natural ingredients.

24.     Neither Plaintiffs nor any reasonable consumer would expect highly processed, artificial, and/or non-natural ingredients to be in Cookies labeled "All Natural," "minimally processed," and "no artificial ingredients."

25.     Neither Plaintiffs nor any reasonable consumer when reviewing the Cookies' labels would know or should know that the Cookies contained the Manufactured Ingredients.

26.     As a result of Defendants' deceitful labels, Defendants were able to charge, and Plaintiffs and Class Members paid, a premium for the Cookies supposedly free of the Manufactured Ingredients. Because the Cookies are not in fact free of highly processed, artificial, and/or non-natural ingredients, the Cookies were worth less than they were represented to be, and Plaintiffs and Class Members paid extra for them.

27.     Defendants' misrepresentations constitute unfair and deceptive acts and practices, in that Defendants used and employed deception, fraud, false pretense, false promise, and misrepresentation as those words are construed under the ICFA.

## CLASS ALLEGATIONS

28.     Pursuant to 735 ILCS 5/2-801 et. seq., Plaintiffs bring this action on their own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

All current citizens of Illinois who purchased Jimmy's All Natural Triple Chocolate Chunk Cookies and/or Jimmy's All Natural Raisin Oatmeal Cookies in the five years preceding the filing of the Complaint (the "Class Period").

29.    Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendants have a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

30.    Upon information and belief, the Class consists of hundreds or thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

31.    There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues.  Included within the common question of law or fact are:

    a.    whether the representations that the Cookies are "All Natural[,]" "minimally processed," and contain "no artificial ingredients" are unfair, false, misleading, and deceptive;

    b.    whether Defendants intended that Plaintiffs and the Class Members would rely on their "all natural[,]" "minimally processed," and "no artificial ingredients" representations;

    c.    whether Defendants violated the ICFA by selling the Cookies with false, misleading, and deceptive representations;

    d.    whether Defendants breached express warranties;

e.    whether Defendants' acts constitute deceptive, unfair, and fraudulent business acts and practices or deceptive, untrue, and misleading merchandising practices;

f.    whether Defendants have been unjustly enriched; and

g.    the proper measure of damages sustained by Plaintiffs and Class Members.

32.    The claims of the Plaintiffs are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiffs and Defendants' conduct affecting Class Members, and Plaintiffs have no interests adverse to the interests other Class Members.

33.    Plaintiffs will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

34.    A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.    the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.    absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendants profit from and enjoy their ill-gotten gains;

c.    given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

> d.     when the joint and several liability of Defendants has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and
>
> e.     this action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiffs and members of the Class can seek redress for the harm caused to them by Defendants.

35.     Because Plaintiffs seek relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendants.

36.     Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Thus, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### Count I – Violation of the ICFA

37.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

38.     The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment,

suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815
ILCS 505/2.

39.     Defendants' conduct in advertising and selling the Cookies as being "All
Natural[,]" "minimally processed," and having "no artificial ingredients" when they in fact
contain the Manufactured Ingredients constitutes the act, use and employment of deception,
fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of
Defendants' trade or commerce.  All of Defendants' conduct was intentional, willful and with
intent to economically harm the Plaintiffs and the Class.

40.     Defendants intended that Plaintiffs and the Class Members would rely on their
"All Natural," "minimally processed," and "no artificial ingredients" representations. Defendants
are aware that consumers like Plaintiffs and Class Members are becoming more and more
interested in purchasing products that do not contain potentially harmful highly processed,
artificial, and/or non-natural ingredients.  Defendants intended to prey on this interest.

41.     The "All Natural," "minimally processed," and "no artificial ingredients"
misrepresentations are material because they concerns the type of information upon which a
reasonable consumer would be expected to rely in deciding whether to purchase the Cookies.

42.     Because Defendants are in the business of selling the Cookies, Defendants
committed the unfair and deceptive acts in the conduct of its trade and commerce.

43.     Defendants' practice of advertising and selling the Cookies as being "All Natural,"
"minimally processed," and having "no artificial ingredients" when they in fact contain the
Manufactured Ingredients is also unfair.  The practice offends public policy and is immoral,
unethical, and unscrupulous because Illinois consumers are increasingly interested in purchasing

and using products without highly processed, artificial, and/or non-natural ingredients. Selling the Cookies as being "All Natural" when they are not, as being "minimally processed" when they are not, and as containing "no artificial ingredients" when they do, offends the public's expectation to be told the truth about the products they are buying.

44.     Defendants' conduct directly and proximately caused substantial injury to Plaintiffs, the Class and reasonable consumers. Defendants knowingly and willfully misled consumers into purchasing Cookies that are not what they are represented to be, and not what the consumers paid for. Moreover, Defendants knowingly and willfully charged a premium for the Cookies as if the Cookies were the superior and more expensive product that Defendants represented them to be. Finally, Defendants exposed consumers to unwanted, highly processed and artificial and non-natural ingredients.

45.     Neither Plaintiffs nor any reasonable consumer would expect to find the Manufactured Ingredients in Cookies labeled "All Natural," "minimally processed," or "no artificial ingredients."

46.     Neither Plaintiffs nor any reasonable consumer when reviewing the Cookies' labels would know nor should know that Manufactured Ingredients are highly processed, artificial, and/or non-natural ingredients.

47.     Defendants knowingly, willfully, and intentionally labeled and marketed their Cookies as being "All Natural[,]" "minimally processed," and having "no artificial ingredients," despite knowing they contained the Manufactured Ingredients.

48.     Knowingly and intentionally including the Manufactured Ingredients in its Cookies labeled and marketed as being "All Natural[,]" "minimally processed," and having "no

artificial ingredients" demonstrates a conscious disregard for Plaintiffs' and Class Members' welfare.

49.    Because the Cookies are not "All Natural" as they are represented to be, are highly processed rather than "minimally processed" as claimed, and do contain the Manufactured Ingredients in spite of the "no artificial ingredients" representation, the Cookies as sold were worth less than the Cookies as represented, and Plaintiffs and Class Members paid a premium for them.  Had the whole truth been known, Plaintiffs and Class Members would not have purchased the Cookies.

50.    Plaintiffs and Class Members were deceived by the "All Natural," "minimally processed," and/or "no artificial ingredients" claims on the Cookies and suffered economic damages as a proximate result of Defendants' joint and several unlawful conduct as alleged herein, including the difference between the actual value of the Cookies and the value of the Cookies if they had been as represented.

### Count II – Breach of Express Warranty, in the Alternative

51.    Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

52.    Defendants made the affirmations of fact and the promise to Plaintiffs and the Class Members that the Cookies are "All Natural," "minimally processed," and contain "no artificial ingredients," guaranteeing to Plaintiff and the Class Members that the Cookies were in conformance with those representations.

53.    These affirmations of fact and promise became part of the basis of the bargain in which Plaintiffs and Class Members purchased Defendants' Cookies, and Plaintiffs and Class Members relied on the affirmations when making their purchasing decisions.

54.    Defendants breached their express warranty that the Cookies were "All Natural," "minimally processed," and contained "no artificial ingredients" by providing Plaintiffs and Class Members with Cookies that contained the Manufactured Ingredients.

55.    Defendants knew that the particular Cookies Plaintiffs bought in fact contained the Manufactured Ingredients when they manufactured and distributed the Cookies.  Therefore, Plaintiffs were not required to give Defendants pre-suit notice of the nonconforming goods because Defendants knew that every single Cookie manufactured contained the Manufactured Ingredients, as demonstrated by its packaging, labels, and website.  Further, Defendants' fraudulent practices and breach such as putting Manufactured Ingredients in the Cookies and labeling them as being "All Natural," "minimally processed," and containing "no artificial ingredients" constitute an incurable defect in that Plaintiffs have already consumed the Cookies and in that, until very recently, Defendants refused to sell their Cookies with accurate labeling.

56.    As a result of Defendants' joint and several breach of warranty, Defendants have directly and proximately injured and caused damages to Plaintiffs and the Class Members by depriving them of the benefit of their bargain in that they bought Cookies that were not what they were was represented to be; Plaintiffs and the class have spent money on Cookies that had less value than was reflected in the premium purchase price they paid for the Cookies.

57.    Because Defendants made the affirmations of fact and promise directly on their own labels and packaging, privity is not required to bring this claim.

Page 15 of 17
Case No.:  20-L-____

## Count III – Unjust Enrichment, in the Alternative

58.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

59.     By purchasing the Cookies, Plaintiffs and the Class Members conferred a benefit on Defendants in the form of the purchase price of the fraudulent Cookies.

60.     Defendants appreciated the benefit because, were consumers not to purchase the Cookies, Defendants would have no sales and make no money.

61.     Defendants' acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendants' fraudulent and misleading representations about the Cookies.

62.     Equity cannot in good conscience permit Defendants to be economically enriched for such actions at Plaintiffs' and Class Members' expense and in violation of Illinois law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated persons, prays the Court:

a.     grant certification of this case as a class action;

b.     appoint Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

c.     award compensatory damages to Plaintiffs and the proposed Class, or, alternatively, require Defendants to disgorge or pay restitution of their ill-gotten gains;

d.     award treble damages under Count I;

e.     award pre- and post-judgment interest;

f.   award reasonable and necessary attorneys' fees and costs;

g.   award punitive damages; and

h.   for all such other and further relief, as may be just and proper.

Dated: October 1, 2020

Heather Erwin and Ashley Price, individually, and on behalf of a class of similarly situated current Illinois citizens, Plaintiffs

By:   _David C. Nelson_____

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62220
Tel:   618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:   314-258-0212
Email: matt@mattarmstronglaw.com

R. John Azimi (Motion *Pro Hac Vice* to be filed)
Missouri State Bar No. 48578
AZIMI LAW FIRM, LLC
136 E. Walnut, Ste. 300
Independence, MO 64050
Tel:   816-716-1120
Email: jazimi@kansascitylawyer.co

Attorneys for Plaintiffs and the Putative Class